IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR473 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TODD CHARLES MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 67) from the Magistrate Judge's order (Filing No. 65) denying the Defendant's motion to disclose *Brady* material and supplemental motion (Filing Nos. 59, 64). The Defendant filed a supporting brief (Filing No. 68). A hearing is requested.

## FACTUAL BACKGROUND

The Defendant, Todd Charles Matthews, is charged in a two-count Indictment with: conspiracy to attempt to manufacture and to manufacture 50 grams or more of actual methamphetamine (Count I); and possession of pseudoephedrine (Count II). The progression order requires the government to disclose *Brady* material "as soon as practicable." (Filing No. 14.) The order also states:

> Should the Defendant nonetheless file a motion for such disclosure, such motion shall state with specificity the material sought. In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, as part of the motion **the moving party shall** recite that counsel for the movant has conferred with opposing counsel regarding the subject of the motion in an attempt to reach agreement on the contested matters without the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of such conferences.

(Filing No. 14, ¶ 3.)

On January 9, 2009, the government filed its notice of compliance with Federal Rule of Civil Procedure 16. (Filing No. 16.) The pretrial motion deadline was extended to March 2, 2009. (Filing No. 33.) On April 21, 2009, Matthews filed the motion for disclosure of *Brady* material (Filing No. 59). The government responded (Filing Nos. 61, 63), and Matthews replied on April 24, 2009 (Filing No. 64)[1]. Magistrate Judge F.A. Gossett denied the motions. (Filing No. 65.) This appeal followed.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

The initial motion was untimely. Also the motion did not comply with ¶ 3 of the progression order (Filing No. 14) because the motion lacked any indication that counsel tried to resolve this matter informally. Despite these procedural deficiencies, the Court will discuss the substantive matters raised in the appeal.

In denying the motions, Judge Gossett reasoned: Matthews has not shown a "special need" supporting the requested release of the PSRs; and the case relied on heavily by Matthews, *United States v. Garcia,* __ F.3d __, 2009 WL 996826 (8th Cir. Apr. 15, 2009), is distinguishable.

---

[1] The reply was docketed and treated as a supplemental motion.

Presently, Matthews seeks PSRs for the following defendants in 8:08CR323 and potential witnesses in Matthews's case: Thomas Carr; Douglas Cross; and Linda Hernandez. Matthews has received transcripts of the sentencing proceedings for Carr, Cross, and Hernandez. (8:08CR323, Filing Nos. 94-96.) Matthews's counsel did not provide details regarding the specific information desired from the PSRs until the reply/supplemental motion was filed. Matthews desires the following: criminal history for each of the potential witnesses; "facts" including, but not limited to: the conspiracy in which the potential witnesses were involved; Hernandez's history of methamphetamine abuse and mental problems; Hernandez's and Cross's romantic relationship that "revolved around their drug habits"; and Hernandez's unsuccessful participation in drug rehabilitation. Matthews argues that this information would be useful for impeachment purposes and, specifically, to show inconsistencies with their proffer statements. (Filing No. 64.) As an alternative to immediate disclosure, Matthews requests an *in camera* review of the PSRs. (Filing No. 68, at 2.)

In *Garcia*, the 8th Circuit concluded that the district court's failure to conduct an *in camera* review was an abuse of discretion, reasoning as follows: "*Shyres* and *DeVore* demonstrate that where, as here, the defendant has sought access to a coconspirator's PSR, the government has recognized the possibility that the PSR contains *Brady/Giglio* information and requested *in camera* review, and the district court fails to carry out such a review, the district court abuses its discretion." *Id.* at *3. This set of circumstances is not present in Matthews's case. Also, Matthews's only justification for seeking the PSRs is for impeachment purposes based on counsel's "good reason to believe" that Carr, Cross and

3

Hernandez lied in their proffer statements.  Matthews's counsel fails to distinguish this situation involving cooperating individuals from any other similar situation.  Moreover, the government is obligated under the federal rules as the Jencks Act, upon motion made at trial after the witness testifies on direct examination, to produce for Matthews's examination and use any statement of the witness that relates to the direct examination.  18 U.S.C. § 3500 (Jencks Act); Fed. R. Crim. P. 32.2(a) & (g).  And under *Brady* the government must disclose exculpatory information, i.e., evidence "'favorable to the accused'" and "'material either to guilt or punishment,'" including a witness's criminal history.  *United States v. Sturdivant,* 513 F.3d 795, 803 (8th Cir. 2008) (discussing *Brady v. Maryland,* 373 U.S. 83 (1963)).  The Eighth Circuit has repeatedly held that a *Brady* violation will not be found as long as *Brady* material is disclosed before the end of trial, particularly where defense counsel cannot show prejudice resulting from a delay in disclosure.  *United States v. Sandoval-Rodriguez,* 452 F.3d 984, 990 (8th Cir. 2006).  Therefore, Matthews should receive the witnesses' criminal histories in due course.

Regarding a witness's prior participation in drug treatment, Matthews has not shown good cause that would result in weighing the need for disclosure of such documents more heavily than the participants's confidentiality interest.  *United States v. Graham,* 548 F.2d 1302, 1314 (8th Cir. 1977).  The information provided in ¶ 4 indicating that Matthews's counsel has "facts" relating to the witnesses' participation in treatment, drug use, mental health treatment, and a romantic relationship indicates that defense counsel has sufficient information regarding those topics to cross-examine the witnesses.

In summary, assuming these witnesses testify at trial, under *Brady,* Rule 16, the Jencks Act, and Rule 26.2 the government is obligated to reveal much of the information which Matthews requests. Practically speaking, in this district the government tends to deliver the information before trial. The Defendant has made no showing that additional confidential information must be disclosed, and statements that the witnesses have lied or are expected to lie are vague, unsubstantiated and indistinguishable from defense counsel's belief regarding cooperating individuals in any other case. This case does not fit the criteria present in *Garcia*, and an in camera review is denied. Finally, Matthews's request for a hearing is denied.

## CONCLUSION

For the reasons discussed, the appeal is denied. Judge Gossett's order is not clearly erroneous or contrary to law, and the order is affirmed.

IT IS ORDERED:

1. The Defendant's appeal from the Magistrate Judge's order (Filing No. 67) is denied; and

2. The Magistrate Judge's order denying disclosure (Filing No. 65), is affirmed.


DATED this 28th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge